UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BROTHERHOOD MUTUAL				CIVIL ACTION No.
INSURANCE COMPANY

VS.

ST. GEORGE GREEK
ORTHODOX CHURCH OF
NORWALK, CONNECTICUT, INC.			DECEMBER 17, 2019

## COMPLAINT FOR DECLARATORY AND OTHER RELIEF

PARTIES

    1.    The plaintiff Brotherhood Mutual Insurance Company [Brotherhood Mutual] is an insurance company organized under the laws of the State of Indiana, with a principal place of business in the State of Indiana.

    2.    The defendant The St. George Greek Orthodox Church of Norwalk, Connecticut, Inc. [Church] is a corporation organized under the laws of the State of Connecticut, with a principal place of business in the State of Connecticut.

JURISDICTION AND VENUE

    3.    This Court has jurisdiction over the subject matter and the parties in accordance with 28 U.S.C. §2201 and 28 U.S.C. §1332, in that there is diversity of citizenship and the matter in dispute, exclusive of interest and costs, has a value in excess of $75,000.

    4.    Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391 in that the

defendant is a resident of the District of Connecticut and/or a substantial part of the events giving rise to the claim occurred in the District of Connecticut.

UNDERLYING FACTS

5. By document dated April 15, 2019 and submitted by American Church Group of New England, a Property Loss Notice was provided on behalf of the Church to Brotherhood Mutual with a description of "Boiler blow out caused smoke damage" at the Church building located at 238 W. Rocks Road, Norwich, Connecticut.

6. In response to the Property Loss Notice, Brotherhood Mutual initiated an investigation into the claimed loss.

7. In response to a June 26, 2019 demand from Brotherhood Mutual, the Church, through its public adjuster, submitted two Sworn Statements in Proof of Loss by letter dated August 27, 2019, one for a Building claim and one for a Contents claim.

8. Each Sworn Statement in Proof of Loss refers to a "smoke" loss that occurred on April 15, 2019 caused by "malfunction of the furnace."

9. In each Sworn Statement in Proof of Loss, all of the claim amounts are listed as "To Be Determined".

10. On September 19, 2019, the Church, through its public adjuster, sent Brotherhood Mutual proof in support of its Building claim, consisting of estimates totaling $2,212,850.14.

11. By letter dated October 8, 2019, the Church, through its public adjuster, submitted further proof in support of its claims.

12. The 10/8/2019 Sworn Statement in Proof of Loss supporting the Building claim repeats the alleged origin of the loss as recited in the original Sworn Statement in

Proof of Loss and, reducing the claim amount for Recoverable Depreciation and Deductible, proffer the Amount Claimed under the policy as $1,888,232.46.

13. The 10/8/2019 Sworn Statement in Proof of Loss supporting the Contents claim repeats the alleged origin of the loss as recited in the original Sworn Statement in Proof of Loss, recites a Replacement Cost Loss and Damage total of $200,983.02, and reduces the claim amount for Recoverable Depreciation, to reach an Amount Claimed under the policy of $151,054.02.

14. At no time has the Church provided any documentation substantiating the claim of a furnace malfunction on April 15, 2019.

15. To the contrary, the information provided by the Church, through its public adjuster, was inconsistent with a conclusion that the claimed loss resulted from a furnace malfunction on April 15, 2019.

16. The likely cause of the smoke and soot damage to the Church building was the burning of candles within the Church building over an extended period of time.

POLICY

17. Brotherhood Mutual issued a policy of MinistryFirst Commercial Multi-Peril Insurance, policy no. 06M5AO416845, to the Church as the named insured. The current policy period is 08/20/2018 to 08/20/2021. A previous policy was in effect for the immediately preceding three year period.

18. The Property Coverage Summary includes a schedule showing Building coverage in the amount of $3,674,000 and Personal Property coverage of $783,000. A deductible of $1,000 is shown.

19. The Combined Schedule of Buildings and Personal Property list peril type

as "Special with Theft" and peril form as BCP85 4.0. Valuation type is replacement.

20. The **BROADENED BUILDING AND PERSONAL PROPERTY COVERAGE PART**, BCP-12B (4.1), provides, under the heading **AGREEMENT**, that the insurer covers direct physical loss to covered property at the premises described on the declarations caused by a covered peril.

21. Under the heading **PERILS COVERED**, the **SPECIAL PERILS PART**, BCP-85 (4.0), provides that the insurer covers risks of direct physical loss unless the loss is limited or caused by a peril that is excluded. In the **PERILS EXCLUDED** section immediately following, the form provides as follows:

> 2. **We** do not pay for loss if one or more of the following exclusions apply to the loss:
>
> \*   \*   \*
>
> c. **Contamination or Deterioration**: **We** do not cover loss caused directly or indirectly by contamination or deterioration including corrosion, decay, fungus, mildew, mold, rot, rust or any quality, fault or weakness in the property that causes it to damage or destroy itself. Such loss is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss. This exclusion does not apply to any resulting loss caused by a **specified peril** or breakage of building glass.
>
> \*   \*   \*
>
> e. **Defects, Errors, and Omissions**: **We** do not cover loss which results from one or more of the following:
>
> > 1) an act or omission (negligent or not) relating to:
> >
> > \*   \*   \*
> >
> > b) the design, specification, construction, workmanship, installation, or maintenance of property;
> >
> > \*   \*   \*

4

    d) maintenance of property (including land, structures, or improvements) . . ..

    \*  \*  \*

   **We** cover any resulting loss caused by a covered peril unless the resulting loss itself is excluded.

    \*  \*  \*

  l. **Increased Hazard**: **We** do not cover loss occurring while the hazard has been materially increased by any means within your knowledge or your control.

    \*  \*  \*

  l. **Neglect**: **We** do not cover loss caused by your neglect to use all reasonable means to save covered property at and after the time of loss. . . .

  m. **Pollutants**: **We** do not cover loss caused by release, discharge, seepage, migration, dispersal, or escape of **pollutants** unless the release, discharge, seepage, migration, dispersal, or escape is caused by a **specified peril**. **We** cover any resulting loss caused by a **specified peril**.

22. Under the heading WHAT YOU MUST DO IN CASE OF LOSS, the form includes the following:

  1. **Notice**: In case of loss, **you** must:

   a. give **us** or **our** agent prompt notice including a description of the property involved (**we** may request written notice); . . .

  2. **Protect Property**: **You** must take all reasonable steps to protect covered property at and after an insured loss to avoid further loss. **We** pay the reasonable costs incurred by you for necessary repairs or emergency measures performed solely to protect covered property from further damage by a covered peril if a covered peril has already caused a loss to covered property. However, **we** do not pay for such repairs or emergency measures performed on property which has not been damaged by a covered peril. This does not increase our limit.

23. The **COMMERCIAL PROPERTY COVERAGE CONDITIONS**

5

endorsement, BCP-100 (4.0), provide definitions of certain terms found in the policy.

The **DEFINITIONS** include:

    5.    **Pollutant** means:

        a.    any solid, liquid, gaseous, thermal or radioactive irritant or contaminant, including acids, alkalis, chemicals, fumes, smoke, soot, vapor, or waste. Waste includes materials to be disposed of as well as recycled, reclaimed, or reconditioned.

        b.    electrical or magnetic emissions, whether visible or invisible, and sound emissions.

    24.    The **COMMERCIAL PROPERTY COVERAGE CONDITIONS**

endorsement, BCP-100 (4.0), further lists **CONDITIONS**, including the following:

    6.    **Misrepresentation, Concealment, or Fraud**:   The Commercial Property Coverage is void as to **you** and any other insured if, before or after a loss:

        a.    **you** have or any other insured has willfully concealed or misrepresented:

            1)    a material fact or circumstance that relates to this insurance or the subject thereof; or

            2)    **your** interest herein;

        b.    there has been fraud or false swearing by **you** or any other insured with regard to a matter that relates to this insurance or the subject hereof.

    7.    **Policy Period**:   **We** cover loss during the policy period shown on the **declarations**.

    25.    Inherent in policy no. 06M5AO416845 issued by Brotherhood Mutual is a requirement of fortuity preventing coverage for loss that occurred, or was certain to occur, prior to the inception of the coverage.

CLAIMS

26. The claims of the Church are not, in whole or in part, covered under policy no. 06M5AO416845 issued by Brotherhood Mutual.

27. The claims of the Church do not involve, in whole or in part, loss during the policy period.

28. The claims of the Church are not, in whole or in part, within the coverage terms of policy no. 06M5AO416845 issued by Brotherhood Mutual.

29. The claims of the Church are, in whole or in part, excluded from coverage under policy no. 06M5AO416845 issued by Brotherhood Mutual.

30. The Church breached its duties and the conditions as set forth in policy no. 06M5AO416845 issued by Brotherhood Mutual and there is therefore no coverage, in whole or in part, for the claims under the policy.

31. Brotherhood Mutual has an interest, legal and/or equitable, by reason of danger of loss or of uncertainty as to the rights or other jural relations of the parties to this action.

32. There is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties.

CLAIM FOR RELIEF

WHEREFORE, the plaintiff Brotherhood Mutual Insurance Company prays for and demands:

1. A declaration that the claims of The St. George Greek Orthodox Church of Norwalk, Connecticut, Inc. are not, in whole or in part, covered under policy no. 06M5AO416845 issued by Brotherhood Mutual Insurance Company;

2. A declaration that the claims of The St. George Greek Orthodox Church of Norwalk, Connecticut, Inc. are not, in whole or in part, within the coverage terms of policy no. 06M5AO416845 issued by Brotherhood Mutual Insurance Company;

3. A declaration that the claims of The St. George Greek Orthodox Church of Norwalk, Connecticut, Inc. are, in whole or in part, excluded from coverage under policy no. 06M5AO416845 issued by Brotherhood Mutual Insurance Company;

4. A declaration that The St. George Greek Orthodox Church of Norwalk, Connecticut, Inc. breached its duties and the conditions as set forth in policy no. 06M5AO416845 issued by Brotherhood Mutual Insurance Company, and that there is therefore no coverage, in whole or in part, for the claims of The St. George Greek Orthodox Church of Norwalk, Connecticut, Inc.;

5. Such other relief as in law or equity may appertain.

THE PLAINTIFF
BROTHERHOOD MUTUAL
INSURANCE COMPANY


By:   /S/ Jack G. Steigelfest
Jack G. Steigelfest
Fed Bar No. ct 05733
Howard, Kohn, Sprague & FitzGerald LLP
Post Office Box 261798
Hartford, Connecticut  06126-1798
(860) 525-3101
(860) 247-4201
jgs@hksflaw.com