UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BROTHERHOOD MUTUAL			CIVIL ACTION No.
INSURANCE COMPANY			3:19 cv 01977 (VLB)

VS.

ST. GEORGE GREEK
ORTHODOX CHURCH OF
NORWALK, CONNECTICUT, INC.		MARCH 6, 2020

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

BACKGROUND

The plaintiff Brotherhood Mutual Insurance Company [Brotherhood Mutual] instituted this action seeking a declaratory judgment as to its obligations, if any, in response to certain first party property claims made under a policy issued by Brotherhood Mutual to the defendant St. George Greek Orthodox Church of Norwalk, Connecticut, Inc. [the Church]. As alleged in the Complaint for Declaratory and Other Relief [Doc. 1], the Church submitted loss notices referring to a smoke loss that occurred on April 15, 2019 caused by a malfunction of the furnace in the Church building, yet the Church provided no documentation to substantiate the claim of a furnace malfunction on that date and that the information developed by Brotherhood Mutual's investigation suggest a different cause of loss was likely.

In its pleading dated February 4, 2020 [Doc. 12], the Church provided its Answer to the Complaint and further asserted Counterclaims against Brotherhood Mutual. Only the Third Counterclaim is the subject of this Motion. In the Third Counterclaim, the Church alleges that Brotherhood Mutual engaged in unfair or deceptive acts or practices in violation of the Connecticut Unfair Trade Practices Act [CUTPA] and in

violation of the Connecticut Unfair Insurance Practices Act [CUIPA] in the following respects:

> a. Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;
>
> b. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;
>
> c. Refusing to pay claims without conducting a reasonable investigation based upon all available information;
>
> d. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;
>
> e. failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement;
>
> f. Denying coverage in its entirety based upon only certain of its own experts' findings;
>
> g. Expressly ignoring certain of its experts' findings; and
>
> h. Failure to honestly and fairly adjust claims with respect to the damages claimed by the Church.

Subparagraphs (a) through (e) copy the language of Connecticut General Statutes §38a-816(6)(A), (C), (D), (F) and (N), all relating to unfair claim settlement practices. The remaining allegations further plainly allege conduct which, if a violation of CUIPA at all, relate to claim settlement practices.

Nowhere in the Third Counterclaim, however, does the Church allege that the acts recited were committed or performed with such frequency as to indicate a general business practice, let alone allege any fact that would move the existence of a general business practice into the realm of reasonable plausibility on its face. Brotherhood Mutual therefore moves to dismiss the Third Counterclaim.

ARGUMENT

The standards for pleading under the Federal Rules of Civil Procedure have been clarified by recent decisions of the Connecticut Supreme Court.

> The Federal Rules of Civil Procedure requires that a complaint "contain ... a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2). Provident's motion to dismiss challenges the Amended Complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Summarizing the two recent Supreme Court cases addressing Rules 8(a)(2) and 12(b)(6), Ashcroft v. Iqbal, 556U.S. 662, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Second Circuit has explained that "[a]s a matter of substance, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Kuck v. Danaher, 600 F.3d 159, 162–63 (2d Cir.2010) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 555).

Falit v. Provident Life & Accident Ins. Co., No. 3:09CV1593 (JBA), 2010 WL 2710478, at *1 (D. Conn. July 7, 2010). *See also* Ensign Yachts, Inc v. Arrigoni, No. 3:09-CV-209 (VLB), 2010 WL 918107, at *3 (D. Conn. Mar. 11, 2010) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citations and quotation marks omitted)).

As set forth in Connecticut General Statutes §38a-816(6), an unfair claims settlement practice is established only when the defined conduct is committed or performed "with such frequency as to indicate a general business practice." Courts in this district have applied the federal pleading requirements to claims under CUIPA and

3

CUTPA alleging unfair claim settlement practices. The cases require not only that the pleader allege the conclusory statement that the insured committed the acts in question with such frequency as to indicate a general business practice, but also that the pleader allege facts beyond mere conclusions to support this claim. For example, in <u>Falit v. Provident Life & Accident Ins. Co.</u>, No. 3:09CV1593 (JBA), 2010 WL 2710478 (D. Conn. July 7, 2010), the court dismissed a CUTPA/CUIPA claim based on unfair claim settlement practices, writing,

> Plaintiff's allegation that Provident "frequently ha[s] committed [CUIPA-violating] acts and in so doing [is] following a general business practice" (3d Am. Compl. at ¶ 21) is "a formulaic recitation of [an] element[ ] of [the] cause of action," Iqbal, 129 S.Ct. at 1949, and the Amended Complaint contains no factual matter that renders plausible his claim that Provident has engaged in a general business practice of conduct similar to the conduct that Falit alleges it took against him. Absent allegations of fact showing a general business practice, Falit's CUTPA/CUIPA claim must fail.

<u>Falit</u>, 2010 WL 2710478, at *2. *Accord* <u>Ensign Yachts, Inc v. Arrigoni</u>, No. 3:09-CV-209 (VLB), 2010 WL 918107, at *17 (D. Conn. Mar. 11, 2010) ("Thus, under the <u>Iqbal</u> pleading standard, a mere assertion of a general business practice without anything more is insufficient to sustain Ensign's 'CUIPA through CUTPA' claims against Lloyds and Saperstein for violation of Conn. Gen. Stat. § 38a–816(6). Accordingly, the Court dismisses these claims."); <u>Courteau v. Teachers Ins. Co.</u>, 243 F. Supp. 3d 215, 218–19 (D. Conn. 2017) ("The Courteaus' CUIPA/CUTPA claim fails for the simple reason that they allege only a single unfair coverage denial: their own."); <u>O'Neill v. Riversource Life Ins. Co.</u>, No. 3:10-CV-898 JCH, 2010 WL 3925988, at *3 (D. Conn. Sept. 29, 2010) ("The court cannot conclude that plaintiff has a plausible CUIPA/CUTPA claim and grants RiverSource's Motion to Dismiss with respect to this claim.").

4

In this case, the Church's pleading does not contain even a recitation of the statutory language, which the courts have found inadequate. Instead, the pleading wholly ignores the requirement that the Church plead and prove that its allegations were committed or performed with such frequency as to indicate a general business practice. The Third Counterclaim should be dismissed based on the absence of factual allegations supporting this necessary element of the Church's claim.

CONCLUSION

For the foregoing reasons, the plaintiff/counterclaim defendant Brotherhood Mutual Insurance Company respectfully maintains that the Third Counterclaim fails to state a claim upon which relief can be granted. The Third Counterclaim should therefore be dismissed.

THE PLAINTIFF/COUNTERCLAIM
DEFENDANT
BROTHERHOOD MUTUAL
INSURANCE COMPANY

By: __/S/ Jack G. Steigelfest__
Jack G. Steigelfest
Fed Bar No. ct 05733
Howard, Kohn, Sprague & FitzGerald LLP
Post Office Box 261798
Hartford, Connecticut  06126-1798
(860) 525-3101
(860) 247-4201
jgs@hksflaw.com

CERTIFICATE OF SERVICE

I hereby that on Mach 6, 2020, a copy of foregoing **Memorandum of Law in Support of Motion to Dismiss** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing the court's CM/ECF System.

By /S/ Jack G. Steigelfest